IRA T. DREW, *Executor, versus* EDMUND ROBERTS & *ux.*

The design of c. 102, of the laws of 1859, was only to remove the objection, which was based on grounds of policy, to the admissibility, as witnesses, of husband and wife, and not to render them competent, where, by law, their testimony was excluded on different grounds.

In a suit against a husband and wife, brought by one, in his capacity of executor, their testimony was rightfully excluded, there being no evidence that the executor was only a nominal plaintiff; and, in the absence of such evidence, the provision of c. 79, of the laws of 1859, does not apply; for, an executor, as such, cannot be regarded as a nominal party, in contemplation of that statute.

THIS was an action brought upon a promissory note, purporting to have been signed by the female defendant, before her marriage, and payable to the plaintiff's testator.

At *Nisi Prius,* the counsel for the defendants offered them as witnesses, to prove that the signature to the note was not genuine. GOODENOW, J., ruled that neither of the defendants was a competent witness, and both were excluded.

The defendants excepted to the ruling of the Court, after verdict against them.

*J. S. Kimball,* in support of the exceptions.

*Drew, per se., contra.*

The opinion of the Court was drawn up by

KENT, J.—In this case, both Edmund Roberts and his wife, the two defendants, offered themselves as witnesses. The Judge excluded them; and to this exclusion the defendants except.

The case is one within § 83, c. 82 of R. S. It is brought by plaintiff as executor of William Thing, and the provisions of the preceding five sections, by which parties are admitted as witnesses, do not apply to the case. The old common law rule of exclusion remains.

The defendant contends that the amendment of § 83, by the Act of 1859 and the Act of April 2d, 1859, have made provisions which authorize the admission of the husband and wife. The amendment provides that, "if such representative party is *nominal only*, the interest being in another or others, in whose name or names the action might have been brought, the said five sections shall apply, and the nominal party and the adverse party shall be examined as witnesses."

An executor, who sues as such, on a debt claimed to be due to the estate, cannot be a *nominal* party unless it appears that his testator or he, as executor, had or have no interest in the claim, but the interest is in another, or others, in whose name the action might have been brought or might be defended.

There is no evidence in the case that any other party had such interest, or that the action might have been brought in the name of any other person. The object of this amendment was to reach those cases where parties, who might have brought the action in their own names, have transferred the claim, without the actual interest, and thus prevented the defendant from being a witness.

This is not such a case.

The other Act of 1859, (c. 102, p. 96,) in relation to the admissibility, as witnesses, of husband and wife, does not embrace cases in which they are both parties. It only removes the objection arising from the conjugal relation, which was based on grounds of policy to prevent domestic broils and family quarrels. *Walker* v. *Sanborn*, 46 Maine, 470.

The objection arising from the interest as a party was removed by the first statute. *Ibid.*

It is very clear that when, *as parties*, a husband or wife would be excluded under the former statute, because the action was brought by an executor, they cannot be admitted because the recent statute has removed an objection to their competency as witnesses generally.

*Exceptions overruled.*